IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOVIMIENTO SOLIDARIO SINDICAL<br><br>Plaintiff<br><br>v.<br><br>PEPSIAMERICAS, INC.<br><br>Defendant | CIVIL NO.: 08-1510 (DRD/MEL) |

**REPORT AND RECOMMENDATION**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 25, 2008, plaintiff, Movimiento Solidario Sindical ("MSS"), filed a complaint in the Court of First Instance, Superior Part San Juan, challenging an arbitration award issued by the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources ("Bureau") in favor of defendant, Pepsiamericas, Inc. ("Pepsiamericas"). (Docket 13-2.) MSS claims that it sent a copy of the complaint to Pepsiamericas on the same day via regular mail. (Docket 7 ¶ 12.) On March 17, 2008, the Puerto Rico Court of First Instance ordered Pepsiamericas to respond to the complaint within 45 days, a copy of which was mailed by the court to Pepsiamericas. (Docket 14-3 at 1.) Counsel for Pepsiamericas claims that it first became aware of the local court's order on April 25, 2008. (Docket 9-4 ¶ 1.) After searching their office, Pepsiamericas's counsel contacted MSS's counsel to inquire as to the nature of the action. Id. at ¶ 2. After this conversation, MSS's counsel forwarded a copy of the complaint to Pepsiamericas's counsel, which was received on April 29, 2008. Id. On April 28, 2008, without having received a copy of the complaint, Pepsiamericas filed a motion to dismiss in the Puerto Rico Court of First Instance for lack of jurisdiction. On May 2, 2008, Pepsiamericas filed a notice of removal. (Docket 1.) On May 5, 2008, Pepsiamericas filed a motion with the Puerto Rico Court of First Instance requesting a stay of proceedings pending the

Movimiento Solidario Sindical v. Pepsiamericas, Inc.
Civil No. 08-1510 (FAB/MEL)
Report and Recommendation

federal district court's decision regarding removal. (Docket 15-2.) On the same day, MSS filed a motion to remand the present case. (Docket 7 at 9.)

**II.   LEGAL ANALYSIS**

    **A. Subject Matter Jurisdiction**

In its motion to remand, plaintiff challenges the underlying basis for federal subject matter jurisdiction solely with the statement, "plaintiff's claim is purely a local Puerto Rico matter." (Docket 7 ¶ 10.) Pepsiamericas removed the case on the basis of federal question jurisdiction pursuant to 29 U.S.C. § 185 (2000). Title 28, United States Code, Section 1441(b) provides that "[any civil action of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." For the purposes of removal, the question is "whether the Court would have had original jurisdiction of the case had it been filed in federal court." Santiago Sanchez v. Gate Eng'g, Corp., 193 F. Supp. 2d 392, 394 (D.P.R. 2002)

Title 29, United States Code, Section 185(a) provides original federal jurisdiction for "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." An industry affecting commerce is "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S.C. §142(1). Although plaintiff does not frame its complaint in federal claims, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citing Metropolitan Life Ins. Co., 481 U.S. 58, 65-66 (1987)). State law claims

Movimiento Solidario Sindical v. Pepsiamericas, Inc.
Civil No. 08-1510 (FAB/MEL)
Report and Recommendation

"implicating rights and duties under a [collective bargaining agreement ("CBA")] may be preempted [if] a state law action is based, in its essence, on a claim of rights or duties under a [CBA]." Fant v. New England Power Serv. Co., 239 F.3d 8, 14 (1st Cir. 2001) (citing PATRICK HARDIN ET AL., THE DEVELOPING LABOR LAW 1699 (3d ed. 1992)).

Plaintiff's complaint filed in the Puerto Rico Court of First Instance claims that the arbitrator erred by: (1) determining that a dismissal was justified when such dismissal did not follow a "principle of progressive discipline established" in the CBA; (2) determining that the acts of an employee constituted a violation of rules adopted pursuant to the CBA; and (3) applying the law arising from the CBA incorrectly. (See Docket 13-2 at 8.) It seems clear that this "state law action is based, in its essence, on a claim of rights or duties under a [CBA],"that the CBA is a contract between an employer (Pepsiamericas) and a labor organization (MSS), and that MSS represents employees in an industry affecting commerce. See Fant, 239 F.3d at 14. Therefore, the state law claims are preempted by federal labor claims pursuant to 29 U.S.C. § 185 and removal is proper under 28 U.S.C. § 1441(b).

**B. Procedural Requirements of 28 U.S.C. § 1446**

In its motion to remand, plaintiff primarily challenges the satisfaction of procedural requirements of removal under 28 U.S.C. § 1446. (See Docket 7 ¶ 10.) Plaintiff argues that defendant's notice of removal was untimely, defendant waived its right to remove by filing a motion to dismiss plaintiff's complaint in local court, and that defendant's notice of removal was defective. Id.

Under 28 U.S.C. § 1446, a defendant may remove any civil action by filing a notice of

3

removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The defendant must file such notice "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. 1446(a). Furthermore, the defendant must file the notice of removal:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. 1367(b).

The Supreme Court held that the thirty day period does not begin to run until defendant has been furnished with a copy of the complaint and has been served with process. Murphy Bros. v Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999). The Court stated that without formal service of process, the receipt of a copy of the complaint alone would not trigger the thirty day time limit to file a notice of removal. Id.

**1. Untimely Notice of Removal**

Plaintiff argues that the present case should be remanded due to an untimely notice of removal. (Docket 7 ¶ 10.) Service of process is a requirement to trigger the thirty day limit on filing a notice of removal. Murphy Bros., 526 U.S. at 356. There is no indication on the record that service of process has been completed for defendant in the local court. The only evidence submitted regarding notice of the local court action are indications in the February 25, 2008 complaint and the March 17, 2008 local court order that copies of such documents were mailed to defendant. (See

Docket 13-3 at 19; Docket 14-3 at 1.) Puerto Rico law does not provide for service of process by mail. See P.R. LAWS ANN., tit. 32, App. III, R. 4.3-4.7. Proof of service is not necessary, however, upon the appearance of a defendant before the Puerto Rico Court. P.R. LAWS ANN., tit. 32, App. III, R. 4.8. Based on the evidence in the record, the earliest the thirty day limitations period could have started is at the appearance of the defendant before the Puerto Rico Court to file its motion to dismiss on April 28, 2008. See Murphy Bros., 526 U.S. at 356; P.R. LAWS ANN., tit. 32, App. III, R. 4.8; (Docket 13-12 at 4.) This would put the filing of the notice of removal on May 2, 2008 well within the thirty day limitations period prescribed in 28 U.S.C. § 1446(b). (See Docket 1.) Therefore, the undersigned recommends that the motion to remand with regard to untimely filing be DENIED WITHOUT PREJUDICE pending the introduction of evidence of service of process prior to defendant's appearance before the Puerto Rico Court of First Instance.

### 2. Waiver of Right to Removal

Plaintiff also argues that defendant has waived its right to removal by filing a motion to dismiss in the Puerto Rico Court of First Instance. (Docket 7 ¶ 10.) A defendant may waive the right to remove a case "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the court, such as asserting a counterclaim or engaging in pretrial discovery." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (3d ed. 2008). The District of Puerto Rico has held that "an intent to waive the right to remove to federal court...must be clear and unequivocal" and "[p]articipating in state court proceedings constitutes a waiver of the removal right only when the defendant is not compelled to take the action." Hernandez-

Movimiento Solidario Sindical v. Pepsiamericas, Inc.
Civil No. 08-1510 (FAB/MEL)
Report and Recommendation

Lopez v. Commonwealth of Puerto Rico, 30 F. Supp. 2d 205, 209 (D.P.R. 1998). In the present case, defendant's sole filing before the Puerto Rico Court of First Instance other than a motion to stay proceedings pending removal is a motion to dismiss for lack of jurisdiction. (See Docket 13-12.) According to defendant, this motion to dismiss was only filed after becoming aware of the local court action and the March 17, 2008 order by the local court to respond to plaintiff's complaint within forty five days. (Docket 13-12 ¶ 4.) Filing a motion to dismiss on jurisdictional grounds after learning of a court order to respond to a complaint does not seem to be a "clear and unequivocal" intent to waive the right to removal. See also Somoano v. Ryder Systems, Inc., 985 F. Supp. 1476, 1478 (S.D.Fla. 1998) (deeming the filing of a motion to dismiss in state court insufficient to trigger a remand.) Therefore, the undersigned recommends that the motion to remand on the basis of waiver of the right to remove be DENIED.

### 3. Defective Notice of Removal

Plaintiff argues that remand is appropriate because defendant's notice of removal lacked "a copy of all process, pleadings, and orders served upon it in the local court proceedings." (Docket 7 ¶ 10.) Although these documents are required by 28 U.S.C. § 1446(a), the failure to file all such documents with the notice of removal has been viewed as merely a "technical defect" that "may be subsequently remedied" and "[does] not affect the right to remove." See, e.g., Dri Mark Products, Inc. v Meyercord Co., 194 F. Supp. 536, 538 (S.D.N.Y. 1961). Based on the evidence in the record, the only documents that appear to have been served on defendant are a copy of the February 25, 2008 complaint with its exhibits and a copy of the March 17, 2008 order. Defendant attached Spanish language versions of the complaint, its exhibits, and both motions filed by defendant in the Puerto

Movimiento Solidario Sindical v. Pepsiamericas, Inc.
Civil No. 08-1510 (FAB/MEL)
Report and Recommendation

Rico Court of First Instance to its notice of removal and subsequently filed certified English translations. (See Docket 1 ¶ 10; Docket 13-2-13-13.) Although defendant did not attach the March 17, 2008 order to its notice of removal, it subsequently attached a Spanish language version of the order to a supplemental motion regarding the notice of removal on May 2, 2008 and filed a certified English translation of the same on May 19, 2008. (See Docket 5-3; Docket 14-3.) Therefore, defendant submitted to the court all documents that appear to have been served on it prior to the motion to remand, thus curing any technical defect in the notice of removal. The motion to remand on this basis should be DENIED.

### III. CONCLUSION

For the reasons explained above, it is recommended that the Motion to Remand (Docket 7) be DENIED, with the caveat that MSS's motion to remand on the basis of untimely notice of removal be DENIED WITHOUT PREJUDICE pending the introduction of evidence of service of process prior to defendant's appearance before the Puerto Rico Court of First Instance.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir.1986).

In San Juan, Puerto Rico, this 28th day of January, 2009.

                                                    s/Marcos E. López
                                                    U.S. MAGISTRATE JUDGE