**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MOVIMIENTO SOLIDARIO SINDICAL     *
                                  *    CIVIL NO. 08-1510(DRD)

       Plaintiff,                    *

                                    *

v.                                            *

                                    *

PEPSIAMERICAS, INC.                *

                                    *

       Defendant.                 *
_____

**OPINION AND ORDER**

The above captioned case constitutes an appeal of an arbitration award rendered by an arbitrator of the Conciliation and Arbitration Bureau of the Department of Labor of the Commonwealth of Puerto Rico. (Case A-07-2402, Award, Docket No. 13-4.)   The arbitrator was Jorge L. Torres, the current chief of the Bureau. The arbitration award was issued on January 25, 2008 and notified via regular mail to the Human Resources Department of Pepsiamericas, Inc., hereinafter referred to as "Pepsi" or "Pepsiamericas," counsel José Silva Cofresí and counsel Juan J. Casillas-Ayala at the firm of Fiddler González & Rodríguez, and to Manuel Rodríguez Banchs, legal counsel for the union, Movimiento Solidario Sindical, hereinafter referred to as the "Union" or "Movimiento Solidario."

As set forth in the arbitration award, the arbitration award constituted a resolution by the arbitrator of a controversy as to the justification for the termination of an employee, Mr. José Rodríguez. (See Award, Docket No. 13-4.) The arbitrator found that the employee's termination was justified as the employee was terminated pursuant to a Rule

1

and Regulation established by the company, Rule (3)( c), "providing" a false [dishonest] statement whether verbal or written ["to his supervisor"], (Docket No. 19-10). The employee asked for some time off work during a morning for a specific reason, which was false, from his superior only to use the time granted by the company for a totally different reason. He provided a material  false statement to his supervisor at least for a false reason against Rule (3)( c), therefore a "false statement".  The union urged the arbitrator the applicability of another rule, Rule 12( c), that the employee was off route, (Docket No. 13-4 p. 8). The union also alleged a disparate treatment as to the application of Rule 3( c). The arbitrator rejected the union's allegations. "The evidence offered by the union in no way shows any type of disparate treatment."

The arbitrator also rejected the allegation that this case was not one of work abandonment. "Obviously this case before us is another; in this case, we are before a false statement to its supervisor." (Docket No. 13-4 p. 8, Award.)  The arbitrator found that pursuant to the Management Rights, Article 30 of the Collective Bargaining Agreement, Rule (3) ( c), was validly established by the company. The arbitrator found the facts simple in nature. The court explains.

The employee asked his supervisor to grant him some hours in the morning to pick up his daughter in school as she was sick. However, the company later verified that he was at the NLRB to handle a matter "which had nothing to do with the company [Pepsi]." (Docket No. 13-4 p. 4.)   The parties stipulated that on the day in question ". . . plaintiff José Rodríguez was at the National Labor Relations Board from 9:15 a.m. to 12:15 p.m." (Arbitration Award, Docket No. 13-4, p. 3.) The arbitrator using jurisprudence of Puerto Rico as to dishonesty and the labor arbitration treatise of Elkouri & Elkouri, How Arbitration

2

Works, 4th Ed., BNA, Washington, D.C. (1985), as his underlying foundation found the termination justified.[1]

The Union timely challenged the arbitration award on February 25, 2008 before the Commonwealth of Puerto Rico, Superior Court, San Juan Section, on February 25, 2008. The Petition to Review in the last page certifies by counsel that a copy of the Petition to Review was sent on the same date to the Arbitration and Conciliation Bureau and to counsels José A. Silva Cofresí, Enrique R. Padró, and Juan J. Casillas at Fiddler González & Rodríguez. (Docket No. 1-2, Opposition to Award, an appeal to the Award filed originally in state court).[2]

The company, Pepsi, removed the case to federal court on May 2, 2008 (Docket No. 2). The employer and the union are an "employer" and a "union" as defined under the Labor Management Relations Act, 29 U.S.C. 152(2) and 29 U.S.C. 152(5). Hence, a suit to challenge an arbitration award falls within § 301 of the Labor Management Act, 29 U.S.C. 185. Fant v. New England Power Service, 239 F.3d 8, 14 (1st Cir. 2001).

The union, "Movimiento Solidario," moved to remand (Docket No. 7) alleging that

---

[1]    Mercedes Bus Line v. Tribunal de Distrito de San Juan, et al., 70 P.R.R. 656, 661 (1949) (holding that "disobedience to employer's rules and orders are just cause for termination"); Belk Arce v. Martínez, 146 P.R.R. 215 (1998) (stating that "lack of confidence motivated by fault in honesty of the employee constitute just cause for termination in employment reiterating the doctrine of Wolf v. Neckwear Corporation of P.R., 80 P.R.R. 519, 523 (1958)); Autoridad de Edificios Públicos v. U.I.A.E.P., 130 P.R.R. 983 (1992) ("the civilized society can not raise a lie to the rank of virtue;" providing false testimony in employment solicitation as to criminal record; the employee had been convicted of a weapons charge and provided a suspended sentence."); Miranda Ayala v. Hospital San Pablo, 2007 JTS 69 ("dishonesty constitute[s] just cause to severely sanction an employee inclusive to dismiss. . . even when it concerns a first offense [stealing two cases of beer]." Arbitrators interpretation, Docket No. 13-4, p. 6.

[2]    Later filings aver that the petition was sent via "regular mail." See Motion to Remand, Docket No. 7 p. 3 §4.

the thirty days established by the statute, 28 U.S.C. 1446 (b), to remove had elapsed since they had sent a copy of the complaint via regular mail on the same date of filing the complaint in the Superior Court of the Commonwealth of Puerto Rico; further forty-five days had elapsed since the local court requested them to respond to the Petition of Review, which is also notified via regular mail by the local court. Plaintiff, the union, further alleged that the defendant, Pepsi,  submitted to the jurisdiction of the local court when "sixty days after service of the complaint" the employer filed a Motion to Dismiss in state court on April 28, 2008 (Docket No. 1-5). (But the Motion to Dismiss in state court was precisely due to lack of jurisdiction alleging that Pepsi had not been timely served with the Petition to Review the award.)

The employer Pepsi filed an opposition to plaintiff's request to remand basically alleging that they never timely received the Petition to Review before the Commonwealth court filed by the union. The company alleged to have received a copy only after counsel Juan J. Casillas requested a copy from counsel for the union, only after receipt of an order from the court referring to an apparent review of the award filed in state court; all deducted from the court order. The employer alleged not to have notice nor to be obligated to remove as the order of the court did not attach a copy of the Petition to Review. The union finally sent a copy of the Petition for Review of the award to the counsel which was received by counsel for Pepsi on April 29, 2008. The company alleges in the opposition to remand (Docket No. 9) that the removal period of thirty days begins to run from actual receipt of the Petition to Review the award on April 29, 2008. As to the union alternate allegation that the term begins after the order of the court on March 18, 2008, the employer simply states that the request of the union is against the clear language of the statute since

4

the order of the court does not constitute service of the complaint as the court order never included the Petition to Review. The company annexed three sworn statements by all counsel handling the case at the Arbitration Bureau that the firm received the state court order on April 25, 2008 referenced to an appeal to an award. Counsel Silva Cofresí then made a request to his secretary to attempt to find a file with the captioned no. KAC 2008-0253 in the labor law office of the firm. None was found. The same was requested from co-counsels Juan J. Casillas and Enrique R. Padró. Casillas spoke on the phone on that day, April 25, 2008, via a phone call to counsel for the union Manuel Rodríguez Banchs. Attorney Rodríguez Banchs  informed of the Petition to Review arbitration award A-07-2402. A copy of the Petition for Review was received on April 29, 2008 in the offices of counsel Silva Cofresí after the phone call of counsel Casillas with counsel Rodríguez Banchs.

The case presents two issues. First, is the removal timely pursuant to federal law; if not, the court must remand. Second, should the court not remand, should the court then reverse or affirm the award.

## I.  THE TIMELINESS OF THE REMOVAL

The union alleges, in the Motion to Remand (Docket No. 7), that they filed the case in the Superior Court of Puerto Rico on February 25, 2008. The local court further ordered the  Pepsiamericas on March 17, 2008  to respond to the petition within forty-five days. The company subsequently filed a Motion to Dismiss in the local court on April 29, 2008 alleging that since they had not received a copy of the complaint in timely fashion, within thirty (30) days of the arbitration decision, the appeal had not been timely perfected and,

hence, the local court lacked jurisdiction.[3]  The union acknowledged a phone call from counsel for the defendants on April 25, 2008 asking if a Petition to Review the award had been filed. Counsel for the union was shocked when he was advised that counsel for the employer had not received the request to review. As a courtesy the counsel for the union sent a copy of the Petition to Review to the counsel for the company Silva Cofresí on Monday, April 29, 2008.

The union balks alleging that they notified the Petition for Review via regular mail on February 25, 2008. The union alleges lack of jurisdiction as the company did not file the removal request until May 2, 2008.

As stated above, the company Pepsiamericas claims not receiving the Petition for Review until April 29, 2008 and hence the remand is timely within the required thirty days under 29 U.S.C. 1446. The company also, as stated above, provided three sworn statements; one in particular providing a statement as to ordering the secretary to provide a search in the offices for a file of the Petition to Review relating to the court order received.

The court referred the matter to the Magistrate Judge on October 27, 2008, (Docket No. 28). The Magistrate Judge rendered a reasonable opinion recommending that the court hold a hearing on the matter. (R & R at Docket No. 38.)  But the court need not make any credibility determination. The court explains.

Precisely, to avoid issues on credibility of receipt of service, the Supreme Court of

---

[3]     This is a matter of jurisdiction under local court which the court does not have to decide since the court must first decide jurisdiction under removal. If the court does not remand, local jurisdiction is immaterial. The court must decide pursuant to federal law our jurisdiction and then decide the merits under federal law. See discussion infra.

the United States issued a certiorari to clarify conflicts between lower federal courts. The opinion and order clarified the correct method to properly serve a complaint subject to removal, Murphy Brothers v. Muchetti Pipe Stringing, Inc., 526 US 344, 119 S. Ct. 1322. (1999).

The statute at hand is 28 U.S.C. 1446(b). In the relevant section, the statute states that remand notice "shall be filed within thirty days after the receipt of service, or otherwise, of a copy of the [complaint]." The issue presented was "whether the named defendant must be **officially summoned** to appear in the action before the time to remove begins to run. Or, may the thirty-day period start earlier, on the named defendant receipt, before service of process of a "courtesy copy" of the filed complaint faxed by counsel for plaintiff." Murphy Brothers v. Muchetti Pipe, 526 U.S. at 347. (Emphasis ours.)

The Supreme Court begins the analysis with a "bedrock [federal] principle: "An individual or entity named defendant is not obliged to engage in litigation unless notified of the action and brought under a court authority, **by formal process.**" Id. (Emphasis supplied.) The court goes on to opine that, "through service or otherwise" means that unless a defendant waives service, the sine qua non directing a defendant or individual or entity to respond to a civil action, or forgo procedural or substantive rights is the **summons**.[4] The certiorari was precisely issued because "lower courts have divided on the question whether **service of process** is a prerequisite for the running of the 30-day removal period under §1446(b)." Murphy Bros., Inc. V. Michetti Pipe, 526 US at 349.

---

[4]     "Through service or otherwise, after and apart from service of the summons, **but not mere receipt of the complaint unattended by any formal service.**" Murphy Brothers, 526 U.S. at 348. (Emphasis ours.)

(Emphasis ours.)

The case of <u>Reece v. Wal-Mart Stores, Inc.</u>, 98 F.3d 839, 841 (5th Cir. 1996) precisely held as the union proposes that "removal period begins with receipt of a copy of the initial pleading through any way, not just service" quotation by the Supreme Court in <u>Murphy Bros., Inc.</u>, Id. N. 2. The case of the Eleventh Circuit, object of the certiorari, reported at 125 F.3d 1396, 1399 (11th Cir. 1997) also held as <u>Reece</u> allowing mere receipt instead of process service together with the case of <u>Roe v. O'Donohue</u>, 38 F.3d 298, 841 (7th Cir. 1994); <u>Murphy</u>, Id. No. 2.[5]  (The court is aware that Pepsiamericas denied receipt but for arguments sake the court accepts the union's receipt argument.) The case of <u>Murphy Brothers, Inc.</u>, Id., precisely attempts to avoid the credibility squabbles as to the date of receipt by ordering summons except if there is a waiver. The District Court in the <u>Murphy Brothers, Inc.</u> case denied that mere receipt of the fax commenced the 30-day period to remand requiring service of process stating that the 30-day period had not begun as no summons had been made. The Court of Appeals reversed, 125 F.3d at 1399, accepting that no summons was needed, mere receipt was sufficient. See narrative of facts in lower courts at <u>Murphy Brothers, Inc.</u>, 526 U.S. at 349.

Based on the case of <u>Omni Capital Intern. Ltd. v. Rudolf Wolff & Co., Inc.</u>, 484 U.S. 97, 104, 108 S. Ct. 404 (1987), the Supreme Court reversed the Circuit Court holding that "before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." The <u>Murphy Brothers</u> court further

---

[5]     But <u>Bowman v. Weeks Marine, Inc.</u>, 936 F. Supp. 329, 333 (D.S.C. 1996) and <u>Baratt v. Phoenix Mutual Life Ins. Co.</u>, 787 F. Supp. 333, 336 (W.D. New York 1992) required formal process service as a prerequisite to the commencement of the removal period.

cited the case of <u>Mississippi Pub. Corp. v. Murphree</u>, 326 U.S. 438, 444-445, 66 S. Ct. 242 (1946) holding that "[s]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served,"  <u>Murphy Brothers, Inc.</u>, 526 U.S. at 350.

The court concludes: "[S]ervice of Summons is the procedure by which a court . . . asserts jurisdiction over a person of a party served . . . Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." <u>Murphy Brothers, Inc.</u>, Id.

The court then determines that the phrase "through service or otherwise" stated at 1446(b) means summons except via a waiver of service adopting the solution of the case of <u>Potter v. McCauley</u>, 186 F. Supp. 146, 149 (D.C.Md. 1960).

> "The interpretation of § 1446(b) adopted here adheres to tradition, makes sense of the phrase "or otherwise," and assures defendants adequate time to decide whether to remove an action to federal court. As the court in Potter observed, the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. See 186 F. Supp., at 149. In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.
>
> [6][7][8][9] As summarized in Potter, the possibilities are as follows. First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, **if the complaint if filed in court prior to any service, the removal period runs from the service of the summons**." <u>Murphy Brothers, Inc.</u>, 326 U.S. at 355. (Emphasis ours.)

The last example is the applicable standard to this case. The union filed and on the

same date proceeded to notify via regular mail meaning that defendant would later receive the complaint. The solution is "**the removal period runs from the service of the summons" or from thirty days after the "otherwise" receipt through a waiver of service.** The judgment of the United States Court of Appeals for the Eleventh Circuit allowing service by mere receipt instead of formal service [was] reversed." Murphy Brothers, Inc., 526 U.S. at 356.  There being no waiver nor any "service of the summons" the clock never began to officially tick in the instant case. (Emphasis ours.)

The impact and significance of the majority opinion requiring service of process in Murphy Brothers, 526 U.S. 347-356,  instead of using "otherwise" as mail services or fax, mere possession by the movant of the removal of the complaint, can be clearly understood by the short dissent authored by Chief Justice Rehnquist, which is precisely the union's contention in the above captioned case.

> "Chief Justice Rehnquist, with whom Justice Scalia and Justice Thomas join, dissenting:
> Respondent faxed petitioner a copy of the file-stamped complaint in its commenced state-court action, and I believe that the receipt of this facsimile triggered the 30-day removal period under the plain language of 28 U.S.C. §1446(b). The court does little to explain why the plain language of the statute should not control, opting instead to superimpose a judicially created service of process requirement onto § 1446(b). In so doing, it departs from this court's practice of strictly construing removal and similar jurisdictional statutes. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Because I believe the Eleventh Circuit's analysis of the issue presented in this case was cogent and correct, see 125 F.3d 1396, 1397-1398 (1997), I would affirm the dismissal of petitioner's removal petition for the reasons stated by that court." Murphy Brothers, Inc., 526 U.S. at 537 (Dissent).

The Union's reasoning is well explained in the dissent but it is not the law.  Hence, the removal filed on May 2, 2008 is timely as there has been no service of process upon

"Pepsi."

## II. THE MERITS OF THE PETITION TO REVIEW

The court enjoys unquestioned authority to review an arbitration award as a potential

claim under Section 301 of the Labor Management Act, 29 U.S.C. 185, also commonly

known as the Taft Hartley law, hereinafter referred to as the LMRA.  The court has

jurisdiction to review an arbitration award, although limited. United Steelworkers of America

v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597, 89 S. Ct. 1358 (1960). As to the

enforcing of awards, the court also has unquestioned authority. Textile Workers v. Lincoln

Mills of Alabama, 353 U.S. 448, 454, 77 S. Ct. 912 (1957). The court has jurisdiction to

oversee that the arbitrator does not overstep his bounds and "dispenses his own brand of

industrial justice." Kraft Foods v. Office and Professional Employees International Union,

203 F.3d 98, 100 (1ˢᵗ Cir. 2000).[6]

Notwithstanding, a federal court's review of labor arbitration awards is, however,

"extraordinary deferential" and "narrow" in scope. Kraft Foods Inc. v. Office and

Professional Employees International Union, 203 F.3d 100 citing Dorado Beach Hotel

Corp. v. Unión de Trabajadores de la Industria Gastronómica, Local 610, 959 F.2d 3-4 (1ˢᵗ

Cir. 1992). The court must examine the award "narrowly" and in "extraordinary deferential"

fashion  because the parties explicitly "contracted to have disputes settled by an arbitrator

chosen by them" rather than by a judge; "it is the arbitrator's view of the facts and the

---

[6]     The court obviously has jurisdiction to entertain the case as the Collective Bargaining
Agreement (Docket No. 1-3) clearly recognizes in Article I, Section #1 that the union was
certified by the National Labor Relations Board, Case # 24 RC 8421 as representative of
a group of employees of Pepsiamericas, Inc. Hence, the union and the employer must be
a "Union" and an "Employer" within the meaning of the Act. 29 U.S.C. 152(5) and 152(2)
respectively.

meaning of the contract, that they have agreed to accept." United Paperworkers Intern. Union v. Misco, Inc., 484 U.S. 29, 37-38, 108 S. Ct. 364 (1987). The court is bound by the facts as the arbitrator found them. Kraft Foods, Inc., 203 F.3d at 99 citing United Paperworkers v. Misco, 484 U.S. at 37, 108 S. Ct. 364.

Further, federal courts "do not sit as a court of appeals to hear claims of factual error by an arbitrator or to consider the merits of the award." Challenger Caribbean Corp. V. Union General de Trabajadores de Puerto Rico, 903 F.2d 857, 860 (1st Cir. 1990). "So far as the arbitrator's decision concerns construction of the [CBA], the courts have no business overruling him because their interpretation is different from his." Dorado Beach, Inc., 959 F.2d at 4. Further, the court may not set aside an award even "if convinced that the arbitrator committed a serious error of fact or law." Asociación de Empleados del Estado Libre Asociado de Puerto Rico v. Unión Internacional de Trabajadores de la Industria de Automobiles, et al., ___F.3d___, 2009 W.L. 565690 *2 (1st Cir. 2009), citing UMass Memorial Medical Center Inc. v. United Food and Commercial Workers Union Local 1445, 527 F.3d 1, 5 (1st Cir. 2008). Notwithstanding that the court may be "convinced he [the arbitrator] committed serious error," Misco, 484 U.S. at 38, 90 S. Ct. 564, Kraft, 203 F.3d at 100, our review is "narrow" and "extraordinarily deferential."  Hence, "judicial review of an arbitrator's award is among the narrowest known in the law." Enterprise Wheel, 363 U.S. at 596.  Notwithstanding, the deferential status being "the narrowest" the courts do not provide an arbitrator "carte blanch" nor "rubber stamp" the arbitrator's decisions. An arbitrator's decision will not be respected if it is "unfounded in reason and fact, is based on reasoning so palpably faulty that no judge or group of judges could ever conceivably have made such a ruling, or is mistakenly based on a crucial assumption which is "conceivably

a non-fact." Bettencourt v. Boston Edison Co., 560 F.2d 1045, 1050 (1st Cir. 1977); Trustees of Boston University v. Boston University Chapter American Assn. of University Professors, 746 F.2d 924, 926 (1st Cir. 1984); Challenger, 903 F.2d at 860; Asociación de Empleados del Estado Libre Asociado et al., ___F.3d___ 2009 W.L. 565690 *2. As stated before arbitrators can not "establish their own brand of industrial justice," they must remain within the four corners of the collective bargaining agreement." Enterprise Wheel and Car, 363 U.S. at 597. The court is entitled to inquire whether an award was in "manifest disregard of the law." McCarthy v. Citi Group Global Mkts., Inc., 463 F.3d 87 (1st Cir. 2006), and further where the record demonstrates that the arbitrator recognizes the law "but willfully ignored it." Wonderland Greyhound Park, Inc. v. Autotote Systems, Inc., 274 F.3d 34, 35 (1st Cir. 2001). McCarthy, Id. and Wonderland Greyhound Park, Inc. both recently cited at Asociación de Empleados del Estado Libre Asociado de Puerto Rico v. Unión Internacional de Trabajadores de la Industria de Automobiles, ___F.3d___, 2009 W.L. 565690 *2.

## III. THE MERITS

The court now proceeds to tackle the merits of the Petition to Review by the union under federal standards. "We conclude that the substantive law to apply in suits under § 301 is federal law, which the courts must fashion from the policy of our national labor laws." Textile Workers Union v. Lincoln Mills of Alabama, 353 U.S. at 456, 77 S. Ct. at 918.

As stated before the instant case involves a common, routine arbitration case involving the termination of an employee. Because there was no agreement as to the submission, the arbitrator drafted the submission pursuant to Article (b) of the Regulation

13

of the Services of the Bureau of Conciliation and Arbitration of the Labor and Human Resources Department .[7]   The arbitrator developed the following submission:

> "That the arbitrator determine if the dismissal of Mr. José Rodríguez was justified or not. If not, the arbitrator will provide the adequate remedy."

The parties stipulated that the employee José Rodríguez was at the NLRB from 9:15 a.m. to 12:15 p.m. The arbitrator found that he had a working shift fluctuating between 7:00-7:30 a.m. to 3:00-3:30 p.m. He was a salesman in charge of visiting clients, taking orders, providing services, and placing products, among others. On that particular morning "[o]n November 8, 2006, plaintiff called his immediate supervisor, Mr. Julio Rodríguez to request permission to pick up his daughter at school, since she was sick." (Docket No. 13-4, p. 4.) He was authorized to pick up his daughter. But the employee in reality went to the NLRB offices to attend a matter not related to Pepsiamericas "as President of the Union." (Docket No. 13-4 p. 4.)   Citing the labor arbitration treatise of Elkouri & Elkouri, How Arbitration Works, 4th Edition BNA, Washington D.C. 1985[8] the arbitrator found that the

---

[7]   "In the event that the parties do not each a submission agreement on the date of the hearing, the arbitrator will require a draft of submission from each party prior to the start of the hearing. The arbitrator will determine the matter(s) to be resolved, taking into consideration the collective bargaining agreement, the contentions of the parties and the evidence admitted." (Translation of the rule at the Bureau, transcribed in the award.)

[8]   It is undisputed that the labor arbitration treatise of Elkouri & Elkouri enjoys the respect of the Supreme Court and the First Circuit Court of Appeals. See United Paperworkers Intern. Union v. Misco, Inc., 484 U.S. at 40 N. 8, 108 S. Ct. 371-372 N. 8; Chicago Teachers Union, Local 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292, 308 N. 21, 106 S. Ct. 1066, 1077 N. 21 (1986); Cornelius v. Nutt, 472 U.S. 648, 670 N. 4, 105 S. Ct. 2882 , 2894 N. 4 (1985); Zayas v. Bacardí Corp., 524 F.3d 65 (1st Cir. 2008); Local 2322, Intern. Broth of Elec. Workers v. Verizon New England, Inc., 464 F.3d 93 (1st Cir. 2006); JCI Communications, Inc.v. International Broth of Elec. Workers, Local 103, 324 F.3d 42 (1st Cir. 2003); Bailey v. Georgia-Pacific Corp., 306 F.3d 1162 (1st Cir. 2002); The Edward S. Quirk Co., Inc. v. N.L.R.B., 241 F.3d 41 (1st Cir. 2001); Achilli v. John J. Nissen Baking Co., 989 F.2d 561 (1st Cir. 1993); Georgia-Pacific Corp. v. Local 27, United Paperworkers Intern. Union, 864 F.2d 940 (1st Circ. 1988); Communications Workers of America, AFL-CIO v. Western Elec. Co., Inc., 860 F. 2d 1137 (1st Cir. 1988);  Posadas de Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico, 821 F.2d 60 (1st

company has inherent right to direct its employees "to perform, promote, demote, transfer and discipline for just cause . . ." (Docket No. 134 p. 4.) The company must, however, have "just cause."  The arbitrator was guided by the definition of just cause as established under Law 80 of 1976, as amended, P.R. Laws Ann. Tit 29 § 185 et sec.  Further, the company under the Management Rights clause can establish reasonable rules to operate the company and discipline employees. (Docket No. 134 p. 5.)  The arbitrator then analyzed the jurisprudence of Puerto Rico as to "dishonesty" finding that since the case of Mercedes Bus Lines v. Tribunal de Distrito, 70 P.R.R. 656, 661 in 1949 before the enactment of Law 80 of 1976, P.R. Laws Ann. tit. 29 § 185(a), until the recent case of Autoridad de Edificios v. D.A.E.P., 130 D.P.R. 983 in 1992 and Miranda Ayala v. Hospital San Pablo in 2007 the employer is authorized to establish reasonable rules to operate its business and discipline employees including dishonesty (providing purposeful false statements) constituting just cause for termination "even when it concerns a first offense," arbitrator interpretation, (Docket No. 134 p. 6). Since the employee was dishonest, providing a material false statement, the arbitrator concluded that the termination of his employment was justified as the employer had a reasonable rule established, Rule (3) ( c), which sanctioned dishonesty with termination. (Docket No. 13-4, p. 7-9.)

The union challenged originally the termination at the level of the arbitrator alleging

---

Cir. 1987); Red Star Exp. Lines v. International Broth. of Teamsters, Local 170, 809 F.2d 103 (1st Cir. 1987); International Broth. of Elec. Workers, Local 1228, AFL-CIO v. WNEV-TV, New England Television Corp., 778 F.2d 46 (1st Cir. 1985); International Broth. of Firemen & Oilers, Local 261 v. Great Northern Paper Co., 765 F.2d 295 (1st Cir. 1985); Hoteles Condado Beach, La Concha and Convention Center v. Union de Tronquistas Local 901, 763 F.2d 34 (1st Cir. 1985); Courier-Citizen Co. v. Boston Electrotypers Union No. 11, Intern. Printing & Graphic Communications Union of North America, 702 F.2d 273 (1st Cir. 1983); Local Division 589, Amalgamated Transit Union, AFL-CIO, CLC v. Com. of Mass., 666 F.2d 618 (1st Cir. 1981); Locals 2222,2320-2327, Intern. Broth. of Elec. Workers, AFL-CIO v. New England Tel. and Tel. Co., 628 F.2d 644 (1st Cir. 1980).

that Rule 3-c had not been uniformly applied. ("Before (sic) the factual and judicial reality mentioned above, **the only argument** presented by the union consists in that the rule applied to Rodríguez. Rule 3-c has not been applied uniformly by Pepsi. Said argument lacks merit.") (Docket No. 13-4 p. 7.) The union also attempted to persuade the arbitrator that the employee was merely off-route. The arbitrator clearly distinguished that case: ". . .**there was no matter related to a possible lie or false statement. The matter concerned exclusively the possibility that Roberto Rivera [the other employee who was merely "off route"] may have abandoned his route without notifying his supervisors."** (Emphasis the arbitrator's.) The arbitrator stated that the union failed to show that the case alleged by the union involved "**the same type of conduct"** (Emphasis the arbitrator's.) – The arbitrator cited the treatise of labor arbitration law, Elkouri & Elkouri, How Arbitration Works. Not unexpectedly the arbitrator easily determined that "the evidence offered by the union in no way showed any type of disparate treatment in this case" (Docket No. 134-4 p. 8.)

Notwithstanding that only two reasons were alleged before the arbitrator, a myriad of reasons were alleged at local state court (Docket No. 1-2; 13-2)[9] and now still other reasons are provided at the federal level. The arbitrator never had the opportunity to pass on these recently articulated reasons.

Plaintiff, the union, has now once again, after remand, switched gears and now alleges that the arbitration award is "(1) unfounded in reason and in fact, (2) based on

---

[9] At the state level the union alleged lack of progressive discipline, lack of violation by the employee to Rule 3-c and/or wrongful application of said rule to the employee; and wrongful application of the jurisprudence of Puerto Rico.

16

reasoning so palpably faulty that no judge or group of judges, could ever conceivably have made such a ruling and (3) mistakenly based on a crucial assumption that is conceivably a non-fact. Further, "Mr. Rodríguez [the grievant] alleged that the dishonest act is not sufficiently severe. Such act may be suitable for progressive discipline but not for industrial capital punishment." (Movimiento Solidario's "conclusion" at "Plaintiff Response to Pepsi's objections to the Magistrate Judge's Report and Recommendation," (Docket No. 50 p. 6).

In essence, the union is alluding to the doctrine of <u>Bettencourt</u>, 560 F.2d at 1050, reiterated at <u>Trustees of Boston University</u>, 746 F.2d at 9261, <u>Challenger</u>, 903 F.2d at 860 and recently at <u>Asociación de Empleados del Estado Libre Asociado</u>, ___F.3d___ 2009 W.L. 565690*2. However, in all the cited authorities, i.e., of <u>Bettencourt</u>, Id., <u>Trustees of Boston University</u>, Id., <u>Challenger</u>, Id. and <u>Asociación de Empleados del Estado Libre Asociado</u>, Id. Notwithstanding the strong doctrine stated above as to "unfounded in reason and fact . . ," the deferral to the arbitrator's decision prevailed over challenges to the award. The court opines that deferral prevails in the instant case. The court explains.

## IV. THE ALLEGED ERROR

The alleged error of the arbitrator now constitutes an alleged erroneously construction of Law 80 of 1976, P.R. Laws Ann. Tit. 29 § 185 et sec. The erroneous interpretation is alleged to elevate reaching the threshold of the doctrine of "unfounded in reason and fact. . . that no judge or group of judges could ever conceivably have made such a ruling. . ." first enumerated in the case of <u>Bettencourt</u>, 560 F.2d at 1050 followed by the prodigy of cases of <u>Trustees v. Boston University</u>, 746 F.2d at 926, <u>Challenger</u> at 903 F.2d at 360 and recently at <u>Asociación de Empleados del Estado Libre Asociado</u>, ___F.3d___ 2009 W.L. 565690*2.

17

Procedurally, the court is of the opinion that defendant is barred from alleging new reasons not developed at the arbitration level (the trial level). See, Gateway Technologies, Inc. v. MCI Telecommunications Corp., 64 F.3d 993, 998 (5th Cir. 1995). ("MCI can not stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court. If a party were allowed to withhold objections until its appearance in federal court, this could extinguish any benefit of an arbitration contract as arbitrators could rarely, if ever, be fully appraised of the issues before them"); Chicago Newspaper Guild v. Field Enterprise, Inc., 747 F.2d 1153, 1158 (7th Cir. 1984) (new arguments are barred on appeal  "in order to preserve the efficiency and integrity of the arbitral process"). Further, arguments based on new evidence, not previously submitted, made after the arbitrator or Magistrate Judge renders its recommendation are equally not authorized. Patterson -Leitch Co., Inc. V. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 986, 990-991 (1st Cir. 1988) citing James v. Watt, 766 F.2d 71, 78 (1st Cir. 1983) cert. denied 467 U.S. 1209, 104 S. Ct. 23976 (1984).

But even if the practice of allowing new theories and evidence is allowed, the award in the court's opinion is not "unfounded in reason and fact . . . based on reasoning so palpably faulty that no judge or group of judges ever conceivable make such a ruling, or . . . based on a crucial assumption that is conceivably a non-fact." The court explains.

The right of the employer to establish reasonable rules and regulations to direct the work of its employees and for the operation of its operations including the discipline of its employees is unquestionable. In Puerto Rico this right was established since the case of Mercedes Bus Lines v. Tribunal de Distrito de San Juan, 70 P.R.R.  at 661 (an employer may create "rules and orders [that] are just cause to dismiss an employee.") The rule was

18

recently reiterated at Secretary of Labor v. ITT, 108 D.P.R. 536, 8 Official Translations 564, 568 (1979). "Bearing in mind the variety of circumstances and regulations of the multiple working establishments, the act [Law 80 of 1976 . . . ] does not intend to be, nor should it be, a code of conduct containing a list of clearly defined offenses with their corresponding penalties for each case, whether it be a reprisal, suspension or dismissal. This is the option of the employer who may adopt the **reasonable** rules and regulations he deems necessary for the good operation of the enterprise. Act 80 does not approve dismissal as a penalty for a first offense . . . [because the use of the words "reiterated" and "pattern"] . . .  We should not, however [establish] that the above captioned statute does not rule out dismissal for the first or single offense when the intensity of the offense requires it in order to protect the good operation of the enterprise and the safety of the employees."

Subsequently in the case of Mercedes Ayala v. Hospital San Pablo, 2007 JTS 69 (translation requested by the trial court). The Supreme Court interpreting the case of Authority of Public Buildings v. Independent Union of Employees, 130 D.P.R. 983 (1992) (translation also requested by the trial court)[10] held that this court held that lying in an employment application as to a previous criminal record constituted a serious fault which may be valid [but ultimately resulted valid] to terminate employment. **In said case we expressed that lying tends to destroy the dynamics [environment] in employment and affects the good functioning of employment.** This act similar to the case at hand [stealing two cases of beer observed in a video] is an act of dishonesty which shows absence of moral values. (Translation and emphasis ours.)

---

[10]     The court shall enter the translation into the record when available from the Supreme Court of Puerto Rico. Translations are expected within the next thirty daysl.

Further, in the case of <u>Authority of Public Buildings</u>, 130 P.R.R. at 985 the court's first sentence in the opinion of the court states: "A civilized society can not legitimize nor elevate lies to a virtue." (Translation ours.) Hence, a material lie should it affect "the good functioning of employment" pursuant to the case of <u>Mercedes Ayala v. Hospital San Pablo</u>, 2007 J.T.S. 69, constitutes just cause for termination.

Further, at common federal arbitration law it is unquestioned that under a broad Managements Rights Clause of the Collective Bargaining Agreement, as is Article 30 of the collective bargaining agreement in effect between the parties in the instant case, the company has a right to direct its labor force, establish an efficient operation and establish reasonable discipline rules and regulations for the well being of the operations of the company. See Elkouri & Elkouri, How Arbitration Works, 4th Ed., BNA, Washington, D.C. (1985), Management Rights Clauses p. 478-480; Plant Rules p. 553-556. "It is well established in arbitration that management has the fundamental right unilaterally to establish reasonable plant rules not inconsistent with the law or the collective bargaining agreement."[11]

The arbitrator recognized Law 80 of 1976, and noted Rule (3) ( c) relating to "false statements whether verbal or written, false or untrue." A violation of the Rule on first occasion could potentially warrant discharge.  However, the arbitrator under the submission had the power to provide "the adequate remedy" including modifying the termination and/or as the union suggested originally apply the rule relating to the employee being merely "off route." The arbitrator  also had the power under the submission not to apply the rule to the

---

[11]     Elkouri & Elkouri, How Arbitration Works, p. 553, citing arbitration cases.

specific facts of the case finding that the discipline measure was too harsh. The parties, however, agreed in the collective bargaining agreement that the discipline matter would be decided by an arbitrator as opposed to a judge (the parties "contracted to have disputes settled by an arbitrator chosen by them . . .  it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept"),  Misco, 484 U.S. at 37-38.).

The collective bargaining agreement does not prohibit a person terminated for providing material false testimony on a first occasion. Hence, the instant case is not one of the arbitrator '[establishing][his] own brand of industrial justice." Enterprise Wheel and Car, 363 U.S. 597.

The court can not reverse even if the court is "convinced he [the arbitrator] committed serious error." Misco, 484 U.S. 38, 90 S. Ct. 564. But the arbitrator did not commit serious error, as a material lie affecting the operations of the company under the case of Mercedes Ayala v. Hospital San Pablo, 2007 JTS 69, can be sanctioned under a company rule prohibiting dishonest false statements. Further, a material lie as to the employee requesting the morning off "to pick up his sick daughter" only to attend NLRB union business, not related to the company, affected the operations of the company. Should the company not severely sanction the employees, other employees could reasonably follow by taking off for half a day, as the grievant, to perform personal matters based on similarly false statements also affecting the operations of the company. However, "we may not set aside the award even if we are convinced that the arbitrator committed a serious error of fact or law."   Asociación de Empleados del Estado Libre Asociado,___F.3d___ citing UMass Memorial Medical Center Inc. v. United Food and Commercial Workers Union Local 1445, 527 F.3d 1, 5 (1st Cir. 2008). But there is no

serious error of law as explained above.

Hence, the court can not find that the arbitrator's award is "unfounded in reason and fact" or "reasoning so palpably faulty that no judge or group of judges could ever conceivable made such a ruling . . . " Bettencourt, 560 F.2d at 1090.  Furthermore, the award is **not** based" on a crucial assumption which is conceivably a non fact." Id.  The only two facts found by the arbitrator were that pursuant to the award  the employee requested the morning of November 8, 2006 in order to pick up his daughter in school as she was ill and a stipulated fact that " . . . on November 8, 2006 plaintiff José Rodríguez was at the National Labor Relations Board from 9:15 a.m. to 12:15 a.m." Neither of these two facts constitute a "non-fact." These facts have never been denied and in fact were explicitly accepted by the union at Docket 1.2 (untranslated)[12].

The court  further can not conclude that the case is covered under the exception of "manifest disregard of the law" under Wonderland Greyhound Park, Inc., 274 F.3d at 35, since the arbitrator's interpretation of the cases of ITT, 8 Official Translations at 568, and Mercedes Ayala v. Hospital San Pablo, 2007 JTS 69, is reasonable. These cases authorize the termination of an employee who feigns and lies to his supervisor in order to be off work as to the sickness of his daughter only to be absent one entire morning from work at the NLRB on a matter not related to "Pepsi."

The court is then guided in our ultimate decision of a challenge to an arbitration award under § 301 of the Taft Hartley Act by the following federal labor law deferral rules

---

[12]    The court translates the pertinent sentence of the Petition to Review at p. 8 next to last sentence of the last paragraph ("It is the union's contention  that on the 8[th] of November of 2006, the grievant called his supervisor, Mr. Rodríguez Alcaraz, and indicated to him that he had to pick up his daughter in school and he had to attend personal matters."

to arbitration awards:

(1) We must be "extraordinarily deferential" as to challenges to arbitration awards Kraft, 203 F.3d at 100 citing Dorado Beach Hotel Corp., 952 F.2d at 3-4 to the point that the scope of review "of an arbitration award is amongst the narrowest known in law." Maine Cent. R. Co. v. Brotherhood of Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989) citing Enterprise Wheel, 363 U.S. at 596.

(2) "We do not sit as a court of appeal to hear claims of factual or legal error by an arbitrator or to consider the merits of the award." Challenger Caribbean Corp., 903 F.2d at 860.

(3) "The courts have no business overruling him [the arbitrator] because our interpretation [the court's] of the contract is different from his [the arbitrator's]." Dorado Beach Hotel Corp., 959 F.2d 4 and

(4) Finally "it is the arbitrator's view of the facts and the meaning of the contract, that they [the union and the employer] have agreed upon heretofore to accept" and not that of a federal judge. Misco, 484 U.S. at 37-38.

Following these deferential rules and because the court does not find that the arbitrator in the instant case did **not** incur in "creating his own brand of industrial justice," the court, therefore, must dismiss the instant challenges to the arbitration award subject of the instant case.

The instant complaint is, therefore, dismissed with prejudice.

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 31st day of March 2009.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**